**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS**

| | |
|---|---|
| HDI GLOBAL SPECIALTY SE, )<br>)<br>    Plaintiff, )<br>)<br>v. )<br>)<br>STERETT CRANE AND RIGGING, LLC; and )<br>DERIAN BOYCE, )<br>)<br>    Defendants. ) | Case No. 3:22-cv-02338-JPG |

## SECOND AMENDED COMPLAINT FOR DECLARATORY JUDGMENT

Plaintiff, HDI Global Specialty SE ("HDI"), by and through its undersigned counsel, for its Second Amended Complaint for Declaratory Judgment against Defendants, Sterett Crane and Rigging, LLC ("Sterett") and Derian Boyce ("Boyce"), alleges as follows:

## NATURE OF THE ACTION

1. This is an action for declaratory judgment and other relief, brought pursuant to 28 U.S.C. §§ 2201 and 2202, for the purpose of resolving an actual controversy between the parties regarding their respective rights and obligations under an insurance policy that HDI issued to Sterett Companies LLC, under which Sterett purports to be a Named Insured. In particular, HDI seeks a declaration that it owes no defense or indemnity obligation under the subject insurance policy with respect to Sterett's alleged liability in an underlying civil lawsuit pending in the Circuit Court of St. Clair County, Illinois, styled *Derian Boyce v. Sterett Crane and Rigging, LLC*, *et al.*, No. 22 LA 0642 (the "Underlying Lawsuit").

## THE PARTIES AND CITIZENSHIP

2. HDI is a European society company organized under the laws of Germany, with its principal place of business in Hannover, Germany.

3. Upon information and belief, Sterett is a limited liability company organized and existing under the laws of the State of <u>Indiana</u>, with its principal place of business in Owensboro, <u>Kentucky</u>.

4. Upon information and belief, William L. Sterett, III and Nolan Thomas are the sole members of Sterett.

5. Upon information and belief, William L. Sterett, III is a citizen of the Commonwealth of <u>Kentucky</u>.

6. Upon information and belief, Nolan Thomas is a citizen of the Commonwealth of <u>Kentucky</u>.

7. Upon information and belief, Boyce is a citizen of the State of <u>Illinois</u>, and he filed the Underlying Lawsuit in the Circuit Court of St. Clair County, Illinois. Boyce is joined to the extent he is a necessary and indispensable party to this action and to ensure that he is bound by any judgment rendered herein.

## JURISDICTION AND VENUE

8. This Court has jurisdiction over this action, pursuant to 28 U.S.C. § 1332(a), because complete diversity exists between the parties and the amount in controversy exceeds the sum or value of $75,000, exclusive of interest and costs.

9. In declaratory judgment actions based on diversity jurisdiction, it is well-established that the amount in controversy is measured by the value of the object of the litigation, including the pecuniary effect an adverse declaration will have on either party to the lawsuit.

10. In the present matter, if HDI does not prevail, it will be required to defend, and possibly indemnify, Sterett in the Underlying Lawsuit.

11. In the Underlying Lawsuit, Boyce seeks compensatory damages in excess of $50,000 plus punitive damages in excess of $50,000.

12.     Accordingly, there is no question that the amount in controversy exceeds the sum or value of $75,000, exclusive of interest and costs.

13.     Venue is proper in this judicial district, pursuant to 28 U.S.C. § 1391, because a substantial part of the events or omissions giving rise to this claim occurred within this district and the Underlying Lawsuit is pending within this district.

## THE ALLEGATIONS IN THE UNDERLYING LAWSUIT

14.     On or about July 28, 2022, Boyce filed his original Complaint against Sterett in the Underlying Lawsuit.

15.     On or about December 28, 2022, Boyce filed the operative Amended Complaint in the Underlying Lawsuit.  (A true and correct copy of the Amended Complaint filed in the Underlying Lawsuit is attached hereto as Exhibit 1.)

16.     The Amended Complaint names various additional defendants and adds individual counts for negligence against each defendant, including Sterett.

17.     Boyce alleges that, at all relevant times, he was employed by Sterett to work on job sites in and around southern Illinois.

18.     Boyce alleges that, on December 31, 2020, he was engaged in his profession as an Operating Engineer and assisting a crane operator in the removal of a rigger from a lowboy trailer.

19.     Boyce alleges that as the rigger was being rolled off the lowboy trailer, the crane cable snapped, causing the cable and/or hook, block, or parts of the cable and crane to strike him, which resulted in serious injuries.

20.     Boyce alleges that Sterett was guilty of one or more careless and/or negligent acts that proximately caused Boyce to suffer injuries to his body, including lacerations to his face, herniated cervical discs, concussion injury resulting in nystagmus, and injuries to his arms, wrists, and nerves.

21.     According to Boyce, Sterett also claimed that he would be capable of returning to work but, in retaliation for Boyce filing a Workers' Compensation claim, Sterett refused to rehire or recall Boyce and put forth no effort to retrain, place, or have Boyce perform any job within his restrictions.

22.     Boyce asserts that, as a direct and proximate result of Sterett's retaliatory discharge, he suffered damages, including, without limitation, lost income, benefits, emotional distress, and damage to his reputation.

23.     Boyce also alleges that his counsel communicated with Sterett's counsel regarding the need to preserve the snapped crane cable as evidence and requested that the same be produced for inspection.

24.     Sterett's counsel reportedly could not confirm that the cable was, in fact, preserved.

25.     It is Boyce's position that because Sterett was aware of his severe injuries on the date of the accident, Sterett knew or should have known that the snapped crane cable constituted evidence that was material to a workers' compensation case or a potential civil action against the crane cable manufacturer.

26.     Thus, Boyce contends that it was Sterett's duty to exercise ordinary care and caution to preserve the integrity of the evidence.

27.     Boyce asserts that Sterett is liable for several careless, negligent, or intentional acts or omissions, including: (1) failing to preserve the snapped cable; (2) destroying, discarding, or losing the snapped crane cable; (3) failing to adequately record/document the actual condition of the snapped crane cable before the cable was destroyed, discarded, or lost; and (4) failing to preserve the evidence pertaining to the snapped crane cable.

28.     Boyce claims to have been injured in that his ability to prosecute and enforce his legal rights against other culpable parties has been irrevocably prejudiced by the loss and/or destruction of material evidence.

29.     Boyce's claims against Sterett are set forth in three causes of action:

| Count II | Negligence/Product Liability |
| Count VI | Wrongful Termination |
| Count VII | Spoliation |

30.     By way of relief, Boyce seeks compensatory and punitive damages, plus costs and such other relief the court deems proper.

### HDI'S PRELIMINARY CLAIMS HANDLING

31.     HDI, through its authorized claims administrator, NBIS Construction & Transport Insurance Services, Inc. ("NBIS"), received notice of the Underlying Lawsuit on or about August 19, 2022.

32.     On September 26, 2022, NBIS, on behalf of HDI, sent a letter to Sterett reflecting HDI's agreement to participate in Sterett's defense in the Underlying Lawsuit pursuant to a reservation of rights and a cost sharing agreement with other insurers whose policies may be implicated.

33.     The September 26, 2022 letter fairly informs Sterett of the various grounds on which coverage for the Underlying Lawsuit may be precluded or limited, for which HDI reserved all rights under the HDI Policy.

34.     An actual, present, and justiciable controversy has arisen and now exists between the parties regarding their respective rights, duties, and obligations under the policy that HDI issued to Sterett Companies LLC, including whether HDI has any defense or indemnity obligation thereunder based on the facts alleged in the Underlying Lawsuit.

## **THE HDI POLICY**

35. HDI issued policy number IICHMPP-0003122-00 to Sterett Companies LLC for the policy period March 3, 2020 to March 3, 2021 (the "HDI Policy"). (A true and correct copy of the HDI Policy is attached hereto as Exhibit 2.)

36. The HDI Policy provides insurance for Commercial General Liability ("CGL"), among other risks, and contains liability limits of $1 million each "occurrence"[1] and in the aggregate, in excess of a $25,000 Self-Insured Retention.

37. By endorsement, Sterett is added as a Named Insured under the HDI Policy.

38. The HDI Policy provides the following, in relevant part:

**SECTION I – COVERAGES**

**COVERAGE A BODILY INJURY AND PROPERTY DAMAGE LIABILITY**

**1. Insuring Agreement**

    a. We will pay those sums that the insured becomes legally obligated to pay as damages because of "bodily injury" or "property damage" to which this insurance applies. We will have the right and duty to defend the insured against any "suit" seeking those damages. However, we will have no duty to defend the insured against any "suit" seeking damages for "bodily injury" or "property damage" to which this insurance does not apply. . .

    b. This insurance applies to "bodily injury" and "property damage" only if:

        (1) The "bodily injury" or "property damage" is caused by an "occurrence" that takes place in the "coverage territory";

        (2) The "bodily injury" or "property damage" occurs during the policy period;

        \*   \*   \*

---

[1] Terms in quotation marks are defined in the HDI Policy.

**COVERAGE B PERSONAL AND ADVERTISING INJURY LIABILITY**

1. **Insuring Agreement**

   a. We will pay those sum s that the insured becomes legally obligated to pay as damages because of "personal and advertising injury" to which this insurance applies. We will have the right and duty to defend the insured against any "suit" seeking those damages even if the allegations of the "suit" are groundless, false or fraudulent. However, we will have no duty to defend the insured against any "suit" seeking damages for "personal and advertising injury" to which this insurance does not apply. . .

   b. This insurance applies to "personal and advertising injury" caused by an offense arising out of your business but only if the offense was committed in the "coverage territory" during the policy period.

   \*   \*   \*

2. **Exclusions**

   This insurance does not apply to:

   \*   \*   \*

   d. **Workers' Compensation And Similar Laws**

   Any obligation of the insured under a workers' compensation, disability benefits or unemployment compensation law or any similar law.

   e. **Employer's Liability**

   "Bodily injury" to:

   (1) An "employee" of the insured arising out of and in the course of:

      (a) Employment by the insured; or
      (b) Performing Duties related to the conduct of the insured's business; or

   (2) The spouse, child, parent, brother or sister of that "employee" as a consequence of Paragraph (1) above.

   This exclusion applies:

   (1) Whether the insured may be liable as an employer or in any other capacity; and

    (2) To any obligation to share damages with or repay someone else who must pay damages because of the injury. This exclusion does not apply to liability assumed by the insured under an "insured contract."

* * *

**SECTION V – DEFINITIONS**

* * *

    **3.** "Bodily injury" means bodily injury, sickness or disease sustained by a person, including death resulting from any of these at any time.

* * *

    **5.** "Employee" includes a "leased worker." "Employee" does not include a "temporary worker."

* * *

    **13.** "Occurrence" means an accident, including continuous or repeated exposure to substantially the same general harmful conditions.

* * *

    **14.** "Personal and advertising injury" means injury, including consequential "bodily injury," arising out of one or more of the following offenses:

        **a.** False arrest, detention or imprisonment;
        **b.** Malicious prosecution;
        **c.** The wrongful eviction from, wrongful entry into, or invasion of the right of private occupancy of a room, dwelling or premises that a person occupies, committed by or on behalf of its owner, landlord or lessor;
        **d.** Oral or written publication, in any manner, of material that slanders or libels a person or organization or disparages a person's or organization's goods, products or services;
        **e.** Oral or written publication, in any manner, of material that violates a person's right of privacy;
        **f.** The use of another's advertising idea in your "advertisement"; or
        **g.** Infringing upon another's copyright, trade dress or slogan in your "advertisement."

* * *

**17.** "Property damage" means:

    **a.** Physical injury to tangible property, including all resulting loss of use of that property. All such loss of use shall be deemed to occur at the time of the physical injury that caused it; or

    **b.** Loss of use of tangible property that is not physically injured. All such loss of use shall be deemed to occur at the time of the "occurrence" that caused it.

*   *   *

**EMPLOYMENT-RELATED PRACTICES EXCLUSION**

This endorsement modifies insurance provided under the following:

**COMMERCIAL GENERAL LIABILITY COVERAGE PART**

A. The following exclusion is added to Paragraph 2., Exclusions of Section I – Coverage A – Bodily Injury And Property Damage Liability:

This insurance does not apply to:

"Bodily injury" to:

(1) A person arising out of any:

    (a) Refusal to employ that person;
    (b) Termination of that person's employment; or
    (c) Employment-related practices, policies, acts or omissions, such as coercion, demotion, evaluation, reassignment, discipline, defamation, harassment, humiliation or discrimination directed at that person; or

*   *   *

This exclusion applies:

(1) Whether the insured may be liable as an employer or in any other capacity; and
(2) To any obligation to share damages with or repay someone else who must pay damages because of the injury.

*   *   *

**COUNT I – DECLARATORY RELIEF**
**(No Coverage for Negligence/Product Liability Claim—Workers' Compensation Exclusion)**

39. HDI restates and incorporates by reference each and every allegation set forth in the preceding paragraphs as though set forth in full herein.

40. Exclusion 2.d. of the CGL Coverage Form provides that the insurance under Coverage A does not apply to "[a]ny obligation of the insured under a workers' compensation, disability benefits or unemployment compensation law or any similar law" (the "Workers' Compensation Exclusion").

41. Boyce alleges that, on December 31, 2020, he sustained severe injuries while working as an Operating Engineer and assisting a crane operator in the removal of a rigger from a lowboy trailer when the crane cable snapped and the cable and/or crane hook, block, or parts of the cable and crane struck him.

42. Boyce was an "employee" of Sterett at all times relevant to the Underlying Lawsuit, including on December 31, 2020.

43. On or about March 1, 2021, Boyce filed a Workers' Compensation Petition against Sterett, case number 21WC005066, with respect to the December 31, 2020 incident.

44. The Workers' Compensation Exclusion applies to bar coverage for Boyce's Negligence/Product Liability claim to the extent that Sterett, his employer, has any obligation under the Illinois Workers' Compensation Act (820 ILCS 305/1, *et seq.*).

**COUNT II – DECLARATORY RELIEF**
**(No Coverage for Negligence/Product Liability Claim—Employer's Liability Exclusion)**

45. HDI restates and incorporates by reference each and every allegation set forth in the preceding paragraphs as though set forth in full herein.

46. Exclusion 2.e. of the CGL Coverage Form provides that the insurance under Coverage A does not apply, in relevant part, to "'bodily injury' to an 'employee' arising out of and

in the course of . . . [e]mployment by the insured; or . . . [p]erforming duties related to the conduct of the insured's business . . . " (the "Employer's Liability Exclusion").

47. Boyce alleges that, on December 31, 2020, he sustained severe injuries while working as an Operating Engineer and assisting a crane operator in the removal of a rigger from a lowboy trailer when the crane cable snapped and the cable and/or crane hook, block, or parts of the cable and crane struck him.

48. Boyce was an "employee" of Sterett at all times relevant to the Underlying Lawsuit, including on December 31, 2020.

49. All of the allegations and grounds for which Boyce seeks relief as it relates to any "bodily injury" fall within the scope of the exclusionary language contained in the Employer's Liability Exclusion.

50. Accordingly, there is no potentiality of coverage for Boyce's Negligence/Product Liability claim under the CGL Coverage Form of the HDI Policy.

**COUNT III – DECLARATORY RELIEF**
**(No Coverage for Wrongful Termination Claim—Employment-Related Practices Exclusion)**

51. HDI restates and incorporates by reference each and every allegation set forth in the preceding paragraphs as though set forth in full herein.

52. The allegations in Count VI of Boyce's Complaint in the Underlying Lawsuit cannot reasonably be construed as seeking to impose liability against Sterett for damages because of "bodily injury," "property damage," or "personal and advertising injury," as those terms are defined in the HDI Policy.

53. There also is no "occurrence"—defined in the HDI Policy as an accident, including continuous or repeated exposure to substantially the same general harmful conditions—as Sterett's alleged wrongful termination was allegedly willful and committed with intent.

54. Moreover, even if the allegations in Boyce's Complaint in the Underlying Lawsuit were construed as seeking to impose liability against Sterett for damages because of "bodily injury," an exclusion clearly and unmistakably applies to bar coverage.

55. In particular, the endorsement titled "Employment-Related Practices Exclusion" modifies insurance under the CGL Coverage Form and provides, in relevant part, that the insurance under Coverage A does not apply to "bodily injury" to a person arising out of any: (a) refusal to employ that person; (b) termination of that person's employment; or(c) employment-related practices, policies, acts or omissions, such as coercion, demotion, evaluation reassignment, discipline, defamation, harassment, humiliation or discrimination directed at that person.

56. All of the allegations and grounds for which Boyce seeks relief as it relates to any ostensible "bodily injury" fall within the scope of the exclusionary language contained in the Employment-Related Practices Exclusion.

57. Accordingly, there is no potentiality of coverage for Boyce's Wrongful Termination claim under the CGL Coverage Part of the HDI Policy.

## COUNT IV – DECLARATORY RELIEF
### (No Coverage for Spoliation Claim)

58. HDI restates and incorporates by reference each and every allegation set forth in the preceding paragraphs as though set forth in full herein.

59. A spoliation claim seeks compensation for the loss of a probable expectancy of recovery against the manufacturer of destroyed evidence.

60. Damage that flows from a failure to preserve evidence is merely the resulting inability to prove a cause of action.

61. The allegations in Count VII of Boyce's Complaint in the Underlying Lawsuit cannot reasonably be construed as seeking to impose liability against Sterett for damages because

of "bodily injury," "property damage," or "personal and advertising injury," as those terms are defined.

62. Accordingly, there is no potentiality of coverage for Boyce's Spoliation claim under the CGL Coverage Form of the HDI Policy.

## COUNT V – DECLARATORY RELIEF
### (Recoupment of Defense Costs)

63. HDI restates and incorporates by reference each and every allegation set forth in the preceding paragraphs as though set forth in full herein.

64. By letter dated September 26, 2022, NBIS advised Sterett of HDI's agreement to participate in Sterett's defense in the Underlying lawsuit pursuant to a reservation of rights.

65. The September 26, 2022 letter expressly reserved HDI's right to seek reimbursement of the fees and costs incurred in connection with Sterett's defense in the Underlying Lawsuit that are allocable to claims not potentially covered by the HDI Policy.

66. HDI has incurred, and will continue to incur, legal fees and expenses relating to the defense of the Underlying Lawsuit.

67. To the extent it is determined that there is no coverage available to Sterett under the HDI Policy, HDI is entitled to reimbursement of all costs and expenses incurred in HDI's defense of Sterett from September 26, 2022 going forward.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff HDI Global Specialty SE respectfully requests that this Court enter judgment in its favor, and against all Defendants, as follows:

(a) Declaring that HDI owes no duty to defend or indemnify Sterett under the HDI Policy with respect to the claims asserted in the Underlying Lawsuit;

(b) Declaring that HDI is entitled to recoupment of defense costs and expenses incurred on behalf of Sterett in the Underlying Lawsuit; and

    (c)    Granting HDI any other and further such relief as this Court deems just and appropriate.

## **JURY DEMAND**

Plaintiff HDI Global Specialty SE hereby demands a trial by jury pursuant to Fed. R. Civ. P. 38(b).

Dated:  January 16, 2023

                                           Respectfully submitted,

                                           /s/ Jordon S. Steinway
                                           Jordon S. Steinway
                                           Benjamin A. Beaird
                                           BATESCAREY LLP
                                           191 North Wacker, Suite 2400
                                           Chicago, IL 60606
                                           Telephone: (312) 762-3169
                                           Email:  jsteinway@batescarey.com
                                           Email: bbeaird@batesarey.com

                                           *Counsel for HDI Global Specialty SE*

## **CERTIFICATE OF SERVICE**

I hereby certify that, on January 16, 2023, I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF System, which will send a notification of such filing to all counsel of record.

/s/ Jordon S. Steinway
Jordon S. Steinway
Benjamin A. Beaird
BATESCAREY LLP
191 North Wacker, Suite 2400
Chicago, IL 60606
Telephone: (312) 762-3169
Email:  jsteinway@batescarey.com
Email: bbeaird@batesarey.com

*Counsel for HDI Global Specialty SE*
